IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DAVID A. MACK, | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. 19-CV-3558 |
| | : |
| JAMES R. MACK, | : |
| Defendant. | : |

**MEMORANDUM**

SÁNCHEZ, C.J.                                                                                             AUGUST 12, 2019

*Pro se* Plaintiff David A. Mack has filed a Complaint against Defendant James R. Mack.[1] He has also filed a Motion to Proceed *In Forma Pauperis*. Because it appears that David is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, David's constitutional claim will be dismissed with prejudice and his state law claims will be dismissed without prejudice for want of subject matter jurisdiction.

**I. FACTS**

David's Complaint is brief. He asserts that while attending Thanksgiving dinner in 2018 he was confronted by family members who claimed James had told them that David was HIV positive and had been convicted of a sexual offense in 2008. (ECF No. 2 at 5.)[2] David asserts that he never revealed his medical status to any family members other than his mother. (*Id.*) He contends that he has suffered a disconnect with his family, who have abandoned and alienated him. (*Id.*) He also alleges his character and reputation have been blemished and he has been

---

[1] Because the two parties share the same last name, they will be referred to by their first names to clearly distinguish them.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

irreparably harmed. (*Id.*) He asserts claims against James for libel, slander and defamation, and seeks $250,000 in damages for a violation of his "Fed. Rights / Violation of Privacy." (*Id.* at 6.)

## II. STANDARD OF REVIEW

The Court will grant David leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As David is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The vehicle by which a party may assert constitutional claims in federal court is 42 U.S.C. § 1983. Section 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S.

2

42, 48 (1988). Because there is no allegation that James was acting under color of state law, he is not a "state actor" and David may not pursue a constitutional claim against him for violation of the right to privacy. Accordingly, the federal question claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a plausible claim.

Because the Court has dismissed his federal question claim, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). David asserts that both he and James reside in Philadelphia. Accordingly, David has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims he may be raising. *Id.* ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

For the foregoing reasons, the Court will grant David leave to proceed *in forma pauperis* and dismiss his federal constitutional claim for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The state law claims will be dismissed without prejudice for want of

3

jurisdiction and to permit David to pursue his claims in state court. An appropriate Order follows.

BY THE COURT:

_____
JUAN R. SÁNCHEZ, C.J.